**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM J. SULLIVAN, Warden,<br><br>    Respondent. | Case No.: 1:18-cv-00038-DAD-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[TWENTY-ONE DAY DEADLINE] |

    Petitioner filed a federal habeas petition in this Court on January 8, 2018. A preliminary screening of the petition revealed that the petition was deficient in several respects. Specifically, Petitioner failed to comply with § 2254 and Rule 2(c) by failing to adequately set forth his grounds for relief; he failed to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts; and, he failed to demonstrate exhaustion of state remedies. Therefore, the Court dismissed the petition with leave to file an amended petition.

    On March 5, 2018, Petitioner filed a First Amended Petition. A review of the petition reveals that it suffers from the same deficiencies previously identified. Therefore, the Court will recommend that the petition be **SUMMARILY DISMISSED WITH PREJUDICE**.

///

1

**I. DISCUSSION**

    A. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

    B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;

(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Like the initial petition, the First Amended Petition fails to comply with § 2254 and Rule 2(c) by failing to adequately set forth grounds for relief. The petition also fails to show how the adjudication of the claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts.

Petitioner states he is in custody pursuant to a state court judgment. He claims that in 2008, a "removal of prisoner order" was issued by a Los Angeles County Superior Court employee, but not a judge. He states he was thereafter transported to Los Angeles County and prosecuted in the Los Angeles County Superior Court on new felony offenses. He claims that the removal order was invalid because it was not signed by a judge, and therefore the conviction is void. Petitioner fails to show how his custody is in violation of the Constitution or the laws of the United States. Moreover, he fails to show how the adjudication of his claim by the state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, the petition fails to state a cognizable federal claim.

Moreover, a review of the order attached by Petitioner reveals his contention is completely frivolous. (Doc. 9, Ex. A.) Cal. Penal Code § 2620 provides, in relevant part: "When it is necessary to have a person imprisoned in the state prison brought before any court to be tried for a felony, . . . , such order shall be made only upon the affidavit of the district attorney or defense attorney, stating the purpose for which said person is to be brought before the court . . . . [¶] Such order . . . shall be signed by the judge making the order and sealed with the seal of the court." Petitioner's exhibit purports to be a copy of an Affidavit and Order for Removal of Prisoner. (Doc. 9, Ex. A.) The pleading contains an affidavit by Deputy District Attorney Rosa Alarcon stating that the purpose of removal is for "arraignment on criminal case number BA332718." (Doc. 9, Ex. A.) The pleading also contains an order from Hon. Henry J. Hall, Judge of the Los Angeles County Superior Court, directing the Los

Angeles County Sheriff to execute the order. The order is signed by the judge and bears the seal of the court. (Doc. 9, Ex. A.) The affidavit and order fully comply with the provisions of Cal. Penal Code § 2620. Petitioner's contentions are completely without merit and frivolous.

### C. Exhaustion of State Remedies

As discussed in the Court's previous order, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner indicates that he has only sought relief through the prison grievance process. It appears he has not presented his claims to any state court. Since he has not sought relief in the highest state court, the petition is unexhausted and must be dismissed. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

## II. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE for failure to state a claim and for failure to exhaust state remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

///

///

4

§ 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **March 12, 2018**                    **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE